**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

MEDSERV INTERNATIONAL, INC.,  *

        Plaintiff,  *

        v.  *  Civil Action No. AW-05-3173

MICHAEL ROONEY  *

        Defendant.  *
*****

## MEMORANDUM OPINION

Plaintiff MedServ International, Inc. ("Plaintiff" or "MedServ") has brought this suit against Michael Rooney ("Defendant" or "Rooney") seeking damages and equitable relief. Plaintiff's Complaint asserts claims of breach of contract, tortious interference with business relations, unfair competition, unfair and deceptive trade practices, and unjust enrichment. Currently pending before the Court are Defendant's Motion to Transfer this action to the United States District Court for the District of Massachusetts [7] pursuant to 28 U.S.C. § 1404(a); Plaintiff's Motion for Temporary Restraining Order Extension and Request for Hearing on Preliminary Injunction [8]; and Defendant's Motion to Strike MedServ's Supplemental Memorandum in Opposition to Motion to Transfer [19]. The Court has reviewed the entire record, as well as the Pleadings with respect to the instant motions. For the reasons stated below, the Court will deny Defendant's motion to transfer, deny as moot Defendant's motion to strike, and direct the parties to contact chambers to schedule a hearing on Plaintiff's motion for injunctive relief.

## FACTUAL & PROCEDURAL BACKGROUND

Medserv is a Maryland corporation "engaged in the business of servicing, repairing, and refurbishing medical equipment and devices for medical providers nationwide." (Compl. ¶ 5.) In

1998, Rooney, a resident of Massachusetts, became a MedServ Business Associate, responsible for identifying potential new MedServ customers and maintaining MedServ's ties with its existing clientele. MedServ and Rooney executed a Business Associates Agreement (the "Agreement"), which provided that Rooney was to be MedServ's exclusive sales associate in the New England area (specifically, eastern Massachusetts, Rhode Island, and southern Connecticut) and that he would receive a commission of 23% on the gross invoice price of all orders received and delivered into his sales territory. The Agreement also contained restrictive covenants that prohibited Rooney from disclosing MedServ's trade secrets and barred him from competing with MedServ for one year following his termination.

On November 1, 2005, Rooney terminated his employment relationship with MedServ. MedServ alleges that prior and subsequent to his termination, Rooney violated the non-compete covenant by soliciting customers on behalf of of FiberTech Medical U.S.A. ("Fibertech"), a direct competitor of MedServ. On November 17, 2005, MedServ filed a complaint in the Circuit Court for Montgomery County, Maryland, seeking damages and emergency injunctive relief. The following day, the Circuit Court granted MedServ's motion for a temporary restraining order, enjoining Rooney from continuing any association with Fibertech and from contacting any MedServ employees or customers. On November 23, 2005, the case was removed to this Court on the basis of diversity jurisdiction, and Rooney's motion to transfer this action to the United States District Court for the District of Massachusetts followed on November 28, 2005. That motion is ripe and ready for disposition, and the Court now issues this opinion.

## STANDARD OF REVIEW

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of

justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of § 1404(a) is "to prevent the waste of time, energy, and money" and "to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). To prevail on a motion to transfer venue under § 1404, "the defendant must show by a preponderance of the evidence that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *Helsel v. Tishman Realty Constr. Co., Inc.,* 198 F. Supp. 2d 710, 711 (D. Md. 2002) (internal quotation omitted); *see also Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002); *Dicken v. United States*, 862 F. Supp. 91, 92 (D. Md. 1994).

Deciding a motion to transfer venue under § 1404(a), the court must "weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). In determining whether to grant a motion to transfer, courts are to consider:

> (1) the weight accorded to plaintiff's choice of forum;
> (2) witness convenience and access;
> (3) convenience of the parties; and
> (4) the interests of justice.

*Cross v. Fleet Reserve Ass'n Pension Plan,* 383 F. Supp. 2d 852, 856 (D. Md. 2005). However, unless the balance of factors "is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Collins v. Straight Inc.*, 748 F.2d 916, 921 (4th Cir. 1984). The decision whether to transfer venue is committed to the sound discretion of the trial court. *See Brock v. Entre Computer Centers, Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991).

## **ANALYSIS**

The fact that this case could have been brought in the United States District Court for the District of Massachusetts is not disputed. As for the convenience factors listed above, the balance

tips against transfer of this action.

A. **Plaintiff's Choice of Forum**

Although a plaintiff's choice of forum is generally "entitled to substantial weight," *Bd. of Trs., Sheet Metal Workers National Fund v. Baylor*, 702 F. Supp. 1253, 1256 (E.D. Va. 1988), a court need not accord the choice as much weight when the "forum has no connection with the matter in controversy." *Dicken v. U.S.*, 862 F. Supp. 91, 92 (D. Md. 1994) (quoting *Mims v. Proctor & Gamble Distrib. Co.*, 257 F. Supp. 648, 657 (D.S.C. 1966)). Rooney argues that all of the events or omissions giving rise to this controversy took place in Massachusetts, and that the only link between this case and Maryland is that it is MedServ's state of incorporation and primary place of business. However, a plaintiff's choice of its home forum for venue purposes is given greater weight than its choice of a foreign forum, *see Sheet Metal Workers*, 702 F. Supp. at 1256, and Rooney's Answer asserts counterclaims against MedServ and its principal officers for wrongful conduct that allegedly occurred in Maryland. Under these circumstances, the Court concludes that Plaintiff's choice of forum is entitled to at least some deference.

B. **Witness Convenience and Access**

Rooney, noting that the institutions which he allegedly contacted in violation of his non-compete agreeement are all located in Massachusetts, argues that his key witnesses are likely to be found in Massachusetts as well. The convenience of the witnesses is "perhaps the most important factor" in determining whether a transfer of venue should be granted. *Cronos Containers Ltd. v. Amazon Lines, Ltd.*, 121 F. Supp. 2d 461, 466 (D. Md. 2000). However, "the influence of this factor cannot be assessed in the absence of reliable information identifying the witnesses involved and specifically describing their testimony. This type of particularized information . . . is necessary to

4

enable the court to ascertain how much weight to give a claim of inconvenience." *Koh v. Microtek Intern, Inc.*, 250 F. Supp. 2d 627, 635 (E.D. Va. 2003).

Here, Rooney has not specifically identified a single witness, nor has he described with any particularity his likely witnesses' testimony. Instead, Rooney suggests that he will call "the businesses allegedly contacted" in breach of the non-compete agreement, clients he had cultivated within his territory, and sales associates who were allegedly hired by MedServ to work in Rooney's territory. Rooney also argues that "[a]t this early stage of the litigation, prior to Rooney even answering the Complaint, Rooney cannot allege with any further specificity as to the names of these third-party witnesses or their expected testimony." (Def.'s Rep. in Supp. of Mot. to Transfer 3.)

Courts have recognized the "tension in transfer motions between the duty to file such motions early in the action and the need to support that motion with affidavits identifying witnesses and the materiality of their testimony, information which may not be known until later in the case." *Affinity Memory & Micro, Inc. v. K & Q Enter.*, 20 F. Supp. 2d 948, 955 n.13 (E.D. Va. 1998). Consequently, the requirement that a party seeking transfer on the basis of witness inconvenience identify the witnesses expected to testify at trial and the state the nature of their intended testimony is not always rigidly enforced. *See, e.g., Corry v. CFM Majestic, Inc.*, 16 F. Supp. 2d 660, 667 n.16 (finding sufficient proof of witness inconvenience where record as a whole supported conclusion that majority of witnesses were located where allegedly infringing activities occurred); *Telepharmic Solutions, Inc. v. Pickpoint Corp.*, 238 F. Supp. 2d 741, 743 (E.D. Va. 2003) (finding sufficient proof of witness inconvenience where defendant submitted a witness list confirming that most of the individuals involved in the design and manufacture the product at issue were in California); *but cf. Helsel v. Tischman Realty Construction Co., Inc.,* 198 F. Supp. 2d 710, 711 (D. Md. 2002)

(finding insufficient proof of witness inconvenience where movant failed to provide the court with affidavit from each individual witnesses detailing "why or to what extent he or she will be inconvenienced . . . by allowing the case to remain in the district where it was brought.") (internal citations omitted).   In this case, on this limited record, the Court finds that there is no way to tell who the key witnesses will be in this action, let alone how the testimony of the parties Rooney intends to call may relate to his claims and defenses. In addition, Rooney has not shown that the use of depositions will be an inadequate substitute for live testimony. *See, e.g., Milwaukee Elec. Tool Corp. v. Black & Decker, Inc.*, 392 F. Supp. 2d 1062, 1064 (W.D. Wis. 2005) (defendant's failure to explain why witness testimony could not be obtained through depositions was a factor in court's denial of transfer motion). As such, the Court concludes that Rooney has failed to meet his burden of establishing that transfer to Massachusetts would facilitate the testimony of key witnesses.

C.  **Convenienence of the Parties**

The third factor, the convenience of the parties, "is chiefly operative in cases where the plaintiff chooses a forum away from (either party's) home." *Sheet Metal Workers*, 702 F. Supp. at 1259. Because in the present case MedServ has filed suit in its home forum, transfer to Massachusetts would "only shift the balance of inconvenience from defendant(s) to plaintiff." *Id.* at 1259-60. Therefore, the convenience of the parties factor does not militate persuasively in favor of transfer.

D.  **The Interests of Justice**

The final element includes "the court's familiarity with the applicable law." *Sheet Metal Workers*, 702 F. Supp. at 1260. As Maryland law would be applied in this case, the public interest is advanced if this action remains in the United States District Court for the District of Maryland.

*See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947) (noting public interest in having diversity case tried in forum familiar with governing law).

## **CONCLUSION**

For all the aforementioned reasons, the Court finds that Defendant has failed to meet his burden under Section 1404(a) of establishing that transfer is warranted. Accordingly, Defendant's Motion to Transfer [7] shall be DENIED. In addition, because the Court reached its decision without regard to the material submitted by Plaintiff in its supplemental memorandum, Defendant's Motion to Strike MedServ's Supplemental Memorandum in Opposition to Motion to Transfer [19] shall be DENIED as moot. Finally, the parties are directed to contact chambers within 10 days to schedule a hearing on Plaintiff's Motion for Temporary Restraining Order Extension and Request for Hearing on Preliminary Injunction [8]. An Order consistent with this Opinion will follow.


February 7, 2006                                                                                /s/
Date                                                                          Alexander Williams, Jr.
                                                                              United States District Judge